THE ST. FRANCIS MILL COMPANY *et al.*, *Appellants*, v. SUGG *et al.*

Judgment, Satisfaction of. Payment of a judgment by a third person operates as a satisfaction of it in the absence of evidence showing an assignment, and an execution cannot thereafter issue.

*Appeal from Dunklin Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

The costs in this case are properly recoverable of the heirs of Wylie P. Sugg. They were the only defendants in the proceedings by the creditors to set aside the fraudulent deed, and the court decreed that plaintiffs should recover their costs; which meant only those costs that are taxable under the statute, and it is only the taxable costs for which execution was issued. The costs of bringing the property into the estate of W. S. Sugg—such as traveling expenses, etc.—were proved and allowed against the estate of W. S. Sugg.

No brief for respondent.

EWING, C.—The record in this case is in almost inextricable confusion, but as far as I can understand it, it appears that the original proceeding by the plaintiff was to cancel and declare void certain conveyances of land by the defendants, in fraud of the plaintiffs, who were

creditors. The decree in that case was for plaintiffs, as to certain of the land, but excepted certain other of the land which was described, and judgment for costs in favor of the plaintiffs. Execution was sued out and levied on the land excepted in the decree, and thereupon the defendants filed a motion to quash, for the following reasons :

1. "The whole amount of said execution has been fully paid before the issuance thereof.

2. "Said execution does not follow, and is not authorized by the judgment on which it purports to be issued.

3. "Said execution is against the property of a deceased person.

4. "Said execution is for costs not authorized by law or the judgment aforesaid, and illegally taxed, and, without authority of law, charged against defendants ; that after paying the costs, the party who paid them, to-wit: George Rogers, took no assignment of the judgment for costs, but presented his claim therefor to the probate court, and obtained and now holds a judgment of allowance therefor, which is of record and in full force, and these reasons have already been passed upon and adjudicated by the court."

The return of the sheriff shows a sale for $272.25, which was paid to the sheriff. In support of the motion to quash, Baldwin, the clerk of the court, testified that he issued the execution referred to in the motion to quash. All the costs for which said execution issued had been paid to him as such clerk, by George Rogers, before the issuance of the execution. There was no assignment of said judgment for costs. The court sustained the motion to quash and the plaintiffs bring the case here by appeal.

I. The decisive question of the case seems to be the fact that the costs were paid in full before the issuance of the execution. If Baldwin's evidence be true, and it is not disputed, the costs were paid in full to him by one

Rogers, before he issued the execution, and the judgment being for costs, the payment satisfied it, and the execution was improperly issued. Freeman on Executions, sec. 442, says: "As writs of execution exist only for the purpose of enforcing judgments, it is evident that whenever a judgment is, by any means, satisfied, the writ which issued for its enforcement must also be treated as satisfied." Again, sec. 444: "The voluntary payment of the amount due on a judgment or execution, if made unconditionally and without any reservation of the right to keep the judgment alive, is unquestionably and irrevocably a satisfaction of the writ, no matter by whom the payment was made;" and authorities there cited in note 1. *Weston v. Clark*, 37 Mo. 569. There was no evidence of an assignment of the judgment to Rogers, and hence the payment, under these authorities, was satisfaction of the judgment for costs and the execution was improvidently issued.

II. There was evidence of an allowance by the probate court in favor of Rogers for a certain amount, but that can cut no figure in this case. If the allowance was improper and illegal, the place to resist that was before the probate court. The judgment of the circuit court is affirmed. All concur.