GEORGE WYATT, Plaintiff in Error, v. F. J. FROMME, Defendant in Error.

Kansas City Court of Appeals, May 3, 1897.

1. **Execution**: SATISFIED JUDGMENT: QUASHING: ASSIGNMENT. The only purpose of an execution is to enforce the judgment; and if the latter has been paid off the former must be treated as satisfied and quashed, and the assignment of an extinguished judgment has no effect.

2. **Judgment**: ASSIGNMENT OF: ATTORNEY AND CLIENT. The employment of an attorney to prosecute a case confers no authority to sell or assign the judgment.

*Error to the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Edwards & Edwards* for plaintiff in error.

(1) The assignment to Edwards was good in equity without being attached to, or entered on, the margin of the record.     Freeman on Judgments [4 Ed.], sec.

425, and cases cited; *Weir v. Davenport*, 11 Iowa, 52; *Schubert v. Herzberg*, 65 Mo. App. 578; *Bank v. Kemble*, 61 Mo. App. 215; *Harper v. Rosenberger*, 56 Mo. App. 388; *Emory v. Joice*, 70 Mo. 537. (2) Edwards was not a defendant in the judgment nor connected with it in any way, and it was perfectly legal and competent for him to take an assignment of the judgment. *Hull v. Sherwood*, 59 Mo. 172; *Bank v. Kemble, supra*, and above authorities; *Riggs v. Goodrich*, 74 Mo. 108–113; *Ferguson v. Carson's Adm'r*, 86 Mo. 673; *Johnson to use v. Greve*, 61 Mo. App. 170. When a judgment has been assigned the legal title passes to the assignee and he only is entitled to enforce payment of the same. R. S. 1889, sec. 6046. (3) The assignment was in writing and indorsed on the margin of the record, and all evidence of payment to anybody but Edwards, the assignee, should have been excluded by the court. *State ex rel. v. Hoshaw*, 98 Mo. 358, and authorities there cited. *Wislizenus v. O'Fallon*, 91 Mo. 184; *Miller v. Dunlap*, 22 Mo. App. 97. (4) The court had no authority in proceeding to quash this execution to investigate the equities, if any, existing between Edwards, the legal holder of the judgment, and Elston, and the Robinson heirs. *Johnson to use v. Greve*, 60 Mo. App. 170, this point on page, at bottom of 173. In the case in 59 Mo. 172, the court will observe that that was one surety suing out an execution against his cosurety, not against the principal debtor, as in this case, and by one a stranger to the record, and for that reason that case is not authority.

*Silver & Brown* for defendant in error.

(1) The payment of the judgment by Elston and by Edwards as administrator of Robinson soon after its rendition, satisfied it and no execution could thereafter

Wyatt v. Fromme.

issue. *Hull v. Sherwood*, 59 Mo. 172. (2) So payment of a judgment by a third person operates as a satisfaction of it in the absence of an assignment, and an execution can not thereafter issue. *Mills Co. v. Sugg*, 83 Mo. 476. The evidence shows that the judgment was paid to Wyatt, the judgment creditor, nearly ten years before July 1, 1893, the date of the assignment. (3) A non statutory assignment will not bind the judgment defendant without notice of same, and Fromme testifies he did not know of the assignment until he saw the execution, which was not delivered to the coroner until November 11, 1893. *Knapp v. Standley*, 45 Mo. App. 264, at p. 269.

GILL, J.—In December, 1883, Wyatt obtained a judgment against Fromme, Elston, and Hamilton, the two last named parties with one Robinson (who was not served with process) being securities for Fromme on the note sued upon. In November, 1893, an execution was issued on this judgment, the same being ordered out by J. R. Edwards, who claimed to be the assignee of the judgment. Thereupon defendant Fromme filed his motion to quash the execution on the alleged ground that the judgment had been paid and satisfied prior to assignment. At the trial of this motion the circuit court sustained the same, and Edwards, the alleged assignee of the judgment, appealed.

It is clear that the judgment quashing the execution must be affirmed. If the evidence introduced in defendant's behalf is to be credited—and this must be left to the finding of the trial judge—then the judgment in question was fully paid and satisfied long before Edwards took an assignment thereof. And if the judgment was paid—whether by Fromme, his securities, or other persons—then clearly the execution was improvidently issued

EXECUTION: satisfied judgment: quashing: assignment.

and should be quashed.    The only purpose of an execution is to enforce the judgment; and if the latter has been paid off then clearly the former must be treated as satisfied.    *Mill Company v. Sugg*, 83 Mo. 476.

There is nothing here to show that when Edwards (acting for the Robinson estate, of which he was administrator) and Elston (another of Fromme's securities) paid the judgment to Wyatt, it was intended as a purchase and not payment of the judgment.    Wyatt testifies the contrary; he says the judgment was paid absolutely, and that it was about ten years thereafter that Edwards applied to and induced him (Wyatt) to make the written assignment attached to the record. An assignment at that date could have no effect, since the judgment had long prior thereto been paid, and was then extinct.    There is not a syllable of evidence that Wyatt agreed, at the date he received the money due on the judgment, that the same should be kept alive and transferred to Edwards or any of the securities.    Edwards testifies to an understanding of that kind had with Wyatt's attorneys; but there is no proof whatever that said attorneys had any authority to bind Wyatt by such an agreement.    Their employment as attorneys to prosecute Wyatt's case gave them no authority to sell or assign the judgment obtained.

JUDGMENT: assignment of: attorney and client.

As to what Fromme may have done toward repaying his securities, and whether or not he had settled with them or their heirs prior to the issue of this execution, is of no consequence in the present case.    It is sufficient now to state that, according to the evidence, the judgment, which forms the basis of the execution in question, was paid off and extinguished long before the execution was issued and long prior to the pretended assignment to Edwards.

Judgment affirmed.    ELLISON, J., concurs; SMITH, P. J., not sitting.