STATE EX REL. IMOGENE LANE, PETITIONER, v. HON. JOHN E. MONTGOMERY, JUDGE, ETC., ET AL., RESPONDENTS.*

.Kansas City Court of Appeals. June 6, 1927.

1044

*Corpus Juris-Cyc References: Divorce, 19CJ, p. 309, n. 44; Prohibition, 32Cyc, p. 603, n. 29; p. 604, n. 32; p. 614, n. 2; p. 630, n. 6.

*Lon R. Owen* and *J. D. Allen* for relator.

*Thos. P. Burns* for respondent, Montgomery.

WILLIAMS, C.—The petitioner is Imogene Lane. Subject of controversy is an order of the judge of the circuit court of Linn county modifying a decree as to alimony in a divorce suit, judgment being rendered at a prior term, and also the right of the circuit judge to order "that no further execution be issued in said cause, it being understood and being intended by said order that all the matters pertaining to said divorce decree stand in abeyance and assume their *status* until said cause was heard in this court on said appeal."

An appeal was taken from the order of the court modifying the judgment as to alimony, and this court in Lane v. Lane, opinion handed down April 4, 1927, not yet officially reported, held:

"It is well settled that an unappealed decree of divorce cannot be changed as to alimony except upon new facts occurring after the trial which will justify such a change. [Hull v. Hull, 280 S. W. 1059; Eaton v. Eaton, 237 S. W. 896, 897, and cases therein cited.] The court had no authority to modify the decree for alimony without hearing evidence upon the subject. [Rodgers v. Rodgers, 279 S. W. 726.]"

This court will not make the writ permanent as to that which has, by appeal, been corrected.

That the writ of prohibition is the proper remedy there can be no doubt. As said by the Supreme Court in The Scarritt Estate Company v. Nelson E. Johnson, 303 Mo. 664, l. c. 679, 680:

"There can be no question that prohibition is the appropriate remedy to prevent a court from making an order it has no jurisdiction to make. The cases cited by defendant only go to the unquestioned rule that prohibition is not the remedy for an erroneous

order or judgment when the court is exercising its proper judicial power. Plaintiff could have appealed, but it is readily apparent that such remedy is wholly inadequate where plaintiff is wrongfully kept out of possession of property to which it is entitled by an unauthorized appointment of a receiver to take charge of such property with the long delay usually incident to an appeal and where there is present the likelihood, if not certainty, of further loss of rentals, etc.''

To the same effect is the case of The State ex rel. Guy W. Caron et al. v. E. M. Dearing, Judge of Circuit Court, 291 Mo. 169.

Judge of the circuit court is without jurisdiction to order that "no execution be issued." Execution is an incident to the judgment, and plaintiff had as much right to an execution on this judgment as on any other judgment that could be rendered. The Supreme Court in Nelson v. Nelson, 221 S. W. 1068, l. c. 1069, said:

"As a judgment for alimony from year to year is subject to the same incidents as other judgments rendered in actions at law, and as it is in its essence compensation awarded in redress of a legal injury, it must be held on principle that the wife has therein, as she would have in any other money judgment rendered in her favor, a property right which vests as the installments accrue. It follows that the court rendering such judgment has no power subsequently to impair or destroy a right so vested without the wife's consent.''

The point is made that the writ will not lie by reason of the fact that the acts complained of have long since been committed. This contention was made, and answered by the Supreme Court in The State ex rel. Ellis et al. v. Elkin et al., 130 Mo. 90, l. c. "So long, at least, as any part of it remains unexecuted, further proceedings upon it can properly be prohibited.''

This point has been recently so fully discussed that a repetition of the argument upon it is deemed unnecessary. [State ex rel. v. Rombauer (1891), 105 Mo. 103, 16 S. W. 695.]

The point is made that the writ should not issue by reason of the fact that plaintiff can appeal. This contention is answered by the Supreme Court of Missouri in the case of Scarritt Estate Company v. Johnson, 303 Mo. 664, l. c. 680:

"Plaintiff could have appealed, but it is readily apparent that such remedy is wholly inadequate where plaintiff is wrongfully kept out of possession of property to which it is entitled by an unauthorized appointment of a receiver to take charge of such property with the long delay usually incident to an appeal and where there is present the likelihood, if not certainty, of further loss of rentals, etc.''

It follows that the rule in prohibition is made absolute so far as staying the execution in Lane v. Lane, is concerned, and as to this

the preliminary rule should be made absolute, and it is so ordered. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.