STATE OF MISSOURI EX REL. IMOGENE LANE, RELATOR, v. J. E. MONTGOMERY, JUDGE, TWELFTH JUDICIAL CIRCUIT, RESPONDENT.*

Kansas City Court of Appeals. May 20, 1929.

*Corpus Juris-Cyc. References: Executions, 23CJ, section 423, p. 540, n. 8; Prohibition, 32Cyc, p. 631, n. 11,

Lon R. Owen for relator.

Thos. P. Burns, Roger S. Miller and Scott J. Miller for respondent.

BARNETT, C.—This is a proceeding upon a citation for contempt issued by this court. The petition for the citation alleges that Imogene Lane obtained a divorce decree upon a cross-bill against John C. Lane on the 12th day of October, 1925, in the circuit court of Linn county, Missouri, and by the decree she was allowed alimony in the sum of $125 per month; that in April, 1926, a motion was filed by John C. Lane asking that the decree for alimony be modified and on the 15th day of May, 1926, the Honorable J. E. MONTGOMERY, judge of the circuit court of said county and the respondent herein, entered a judgment modifying the decree. From that judgment the wife appealed and this court reversed the decree and remanded the cause. Thereafter, the said John C. Lane filed an amended motion to modify the decree, which motion was heard on the 19th day of October, 1927, and upon which the court entered judgment. From such judgment the wife appealed. Thereafter the wife made demand on the circuit clerk that she issue an execution on said judgment less certain credits which the clerk refused to do. The wife then instituted original mandamus proceedings in this court, and this court held that she was entitled to the execution as prayed, and issued its permanent writ of mandamus commanding and requiring the circuit clerk to issue an execution (less the amounts paid) on the original judgment made and entered of record by the circuit court of Linn county, Missouri, on October 19, 192—.

On the 24th day of May, 1928, Imogene Lane caused execution to be issued on the original judgment, and thereafter on the 30th day of May, 1928, John C. Lane filed his motion to quash the execution and service of garnishment thereon. The said motion was heard at the adjourned, 1928, term of the regular February, 1928, term of the circuit court. It is alleged that respondent, J. E. Montgomery, as circuit judge, *"has willfully and flagrantly set aside and held for naught every holding of this court, and has held in contempt the direct admonitions of this court, and is persisting therein, and that by his flagrant, willful, wrongful and contemptuous acts in granting frivolous motions and especially the motion of John C. Lane, filed in the circuit court of Linn county, Missouri, about the 24th day of*

*May,* 1928. . . . *that the contemptuous and wrongful acts of the said J. E. Montgomery is made for the purpose of and is set aside and holding for naught the judgments and commands of this court, and is preventing the said Imogene Lane from obtaining her rights in the matters herein above set forth."* The petition also alleges that the acts of the respondent are contrary to the opinion of this court, in the case of Lane v. Lane, 292 S. W. 1066, in which case it was held that a judgment modifying an original decree of divorce without a hearing had no force or effect. It is also alleged that his actions are contrary to the opinion of this court in the case of *State of Missouri at the relation of J. E. Montgomery, Judge* (which case is reported in 295 S. W. 824), wherein it was held that the judge of the circuit court is "without jurisdiction to order that no execution issue, and holding that Imogene Lane is entitled to execution as prayed upon the original judgment."

It appears from the petition that on the 30th day of July, 1928, the court rendered judgment on the husband's motion to quash an execution dated the 24th day of May, 1928, and after hearing the evidence, found that defendant had received the sum of $839.04 under a garnishment; that the amount due the defendant under the original judgment up to April 27, 1928, had been paid in full; that the judgment modifying the decree ordered that payments cease on April 27, 1926, and it was ordered that the execution which had been issued by the clerk be quashed, and that all levies made by the sheriff of Linn county thereunder be quashed, and that all property that had been levied on be released, and that all garnishees summoned by the sheriff under such execution be released.

A citation was issued notifying the Honorable J. E. Montgomery circuit judge, of the pendency of the application for citation for contempt, and he was ordered to appear before this court to answer and show cause, if any he had, why he should not be held in contempt of this court for violating the mandates, judgments, decrees, and processes of this court, and for interfering and obstructing justice by his willful disregard and disobedience.

Respondent made return in which it was alleged that John C. Lane, plaintiff in the case of *Lane v. Lane,* filed his amended motion and petition to modify the divorce decree "for the October term, 1927, of the Linn county circuit court" and alleges that by said motion John C. Lane moved the court to modify the decree adjudging alimony to the defendant in that case in the sum of $125 per month, because since the divorce judgment has been rendered plaintiff's health had become impaired and he was unable to live and meet the unreasonable burden of the judgment; that since the judgment was rendered plaintiff's wife had had a great deal of sickness; that it had been necessary to have surgeons perform operations upon her, entailing great outlays of money; that the plaintiff had been harassed

and annoyed and caused great expenses by unnecessary and malicious litigation caused by defendant; that since the divorce decree was rendered the defendant had become possessed of more property than the plaintiff; that defendant had been and was making money on her own account so that the relative positions of the plaintiff and the defendant had become very greatly changed since the divorce decree was rendered; that under the present conditions said judgment was unreasonably and excessively burdensome upon the plaintiff and that he was unable to comply with it; that the motion prayed that the judgment be modified and that the alimony be reduced to a reasonable sum.

The return further alleged that on October 13, 1927, the cause came on for hearing on the amended motion to modify the decree, and after hearing all of the evidence and after hearing the arguments of counsel, the court, of which respondent was judge, rendered judgment modifying the decree.

This judgment was dated October, 1927. It recited that the court, after hearing all the evidence, found that defendant had greatly improved in physical appearance since the rendition of the original decree; that judging from defendant's physical appearance the court found that her health had greatly improved since the rendition of the original judgment; that the plaintiff's health had become impaired since the rendition of the original judgment and that he had become largely indebted and that he had no property or means other than some household goods and his job with the Atchison, Topeka & Santa Fe Railway Company; that he had been to large expense from litigation since the rendition of the original decree; that on the 8th day of March, 1926, his employer, the railroad company, as garnishee, paid into court the sum of $265.15 for the plaintiff, and as such garnishee in July, 1927, paid into court the sum of $209.54; that the plaintiff had been compelled to lose a great deal of time from any gainful occupation on account of serious illness of his present wife; that his credit had been greatly impaired on account of the garnishments against him and the publicity given to the litigation between the defendant and him, and that on account of his impaired credit he had been unable to pursue his work as a locomotive engineer during the time when his wages were "tied up by garnishments." The order recited that by reason of all of his losses, his impaired health and impaired credit and the sickness in his present family and the high cost of living, the plaintiff was unable to continue further the burden in the form of alimony adjudged in the original decree; that after the original decree and during the same term of court there had been an agreement between plaintiff and his attorney on the one side and the attorney for defendant on the other side that plaintiff might pay the sum of $50 per month and "that that would satisfy the defendant unless she became sick and it became necessary to pay

doctors' bills and other extra expenses;" that the plaintiff carried out the agreement until about the first of April when he divided the payment by paying a bill for goods purchased by the defendant before the divorce in the sum of $34.50 and by paying the defendant the sum of $15.50, and that thereafter "without objection or notice the defendant caused the Atchison, Topeka, & Santa Fe Railway Company to be summoned as garnishee herein and cause plaintiff's wages to be tied up and the payment thereof to him stopped." The order recited that since the original judgment had been rendered the plaintiff had paid to the defendant and to her attorney, and that there had been paid into court under garnishment process, the sum of $839.04; "that the total sum which the plaintiff had paid and had become obligated to pay as incident to the original judgment rendered herein is a large amount of money." The order recited that the relative positions of the parties had materially changed since the original judgment and that the plaintiff should not be required to pay any further sum to the defendant as alimony, but that the payment of alimony from plaintiff to defendant should cease on the 27th day of April, 1926, the date of the filing of the original motion by plaintiff to modify the decree. It was ordered and adjudged that the original decree be modified so that the alimony awarded to defendant should cease on the 27th day of April, 1926, and costs were adjudged against the plaintiff.

The return further alleged that on May 24, 1928, Imogene Lane sued out an execution, and on May 30, 1928, the plaintiff, John C. Lane, filed a motion to quash the execution, which motion was heard on the 30th day of July, 1928, and the execution and levy thereunder was quashed; that the respondent believed from the evidence offered on October 13, 1927, that the decree should be modified and that the judgment rendered by the court at that time modifying said decree was the proper judgment; that this respondent construed an opinion in the case of *Nelson v. Nelson, 282 Mo. 412, l. c. 423-424*, to mean that if, in the mind of the court, the facts warranted a modification of the judgment, the modification dated from the filing of the motion to modify the decree; that it appeared to respondent, who presided as judge of said court, that the original motion to modify the decree was filed on the 27th day of April, 1926, and that the law authorized the court, of which respondent was the judge, to modify the decree as of that date.

It was further alleged in the return that when the motion to quash the execution came up for hearing on July 30, 1928, the respondent believed that under the judgment rendered on the 13th day of October, 1927, that there was nothing due to Imogene Lane, and that the execution issued and levied on May 24, 1928, was wrongfully issued and wrongfully levied, and that it should be quashed; that respondent was controlled by the judgment rendered on October 13,

1927, and by the facts shown in the trial justifying such judgment in quashing the execution on July 30, 1928, and that respondent relied on the authority of the case of *Nelson v. Nelson,* supra; that the respondent believed that he had the legal right to render the judgment in the form and to the effect in which it had been rendered, and that respondent honestly believed that he had the legal authority to quash the execution in view of the terms of said judgment.

The return further alleged that an appeal was taken to this court from the order entered on October 13, 1928, and that respondent was informed and believed that the appeal is now pending in this court, but no *supersedeas* was perfected. It was further alleged that respondent had no intention of violating any rule or order of this court.

Relator filed a motion for judgment on the pleadings.

The records of this court show that on April 14, 1927, this court in the case of *Lane* v. *Lane, 292 S. W. 1056,* reversed and remanded the judgment of the respondent, the Honorable J. E. Montgomery, judge of the circuit court of Linn county, in which the trial court had modified the judgment for alimony, because the court entered the order modifying the original decree without hearing any testimony. It was held that a decree of divorce from which no appeal has been taken cannot be changed as to alimony, except upon new facts occurring after the trial which will justify the change; and that the court had no authority to modify the decree for alimony without hearing evidence upon the subject. Our records also show that on the 6th day of June, 1927, in the case of *State ex rel. Lane v. Montgomery, 295 S. W. 824,* this court issued its writ of prohibition prohibiting the relator, the Honorable J. E. Montgomery, judge, from enforcing an order of the circuit court of Linn county, in the case of *Lane v. Lane,* that no further execution be issued in that case, upon the ground that an execution is an incident to the judgment and that plaintiff had as much right to an execution on the judgment in that case as on any other judgment that could be rendered. In the case of *State ex rel. Lane v. Lander, 12 S. W. (2d) 937,* this court, by mandamus, compelled the circuit clerk of Linn county, Missouri, to issue an execution upon the original judgment against John C. Lane made and entered of record by the circuit court of Linn county on October 19, 1925. In that opinion it was stated that the circuit court of Linn county had already rendered judgment on the amended motion to modify the divorce decree in that case, which judgment was entered in October, 1927, but this court did not state the nature of the judgment last mentioned, evidently upon the ground that that was immaterial in determining the ministerial duty of the circuit clerk.

The charge against the respondent is that he has "willfully and flagrantly set aside and held for naught every holding of this court,

and has held in contempt the direct admonitions of this court." It is charged that respondent has done this "by his flagrant, willful, wrongful and contemptuous acts in granting frivolous motions and especially the motion of John C. Lane, filed in the circuit court of Linn county, Missouri, about the 24th day of May, 1928." We construe this to mean that the action of the respondent in sustaining the motion to quash the execution in the case of Lane v. Lane, by the order of May 24, 1928, was the act whereby he became guilty of contempt, and that in sustaining said motion he disregarded the admonitions of this court in the cases of Lane v. Lane, and State ex rel. Lane v. Montgomery. It is true that the petition states that the respondent granted frivolous motions, but this is followed by a specific reference to his action in sustaining one particular motion. It has always been held that a general allegation of negligence followed by a specific allegation of negligence amounts to no more than an allegation of the specific negligence charged. Following the reasoning upon which the courts have arrived at that conclusion, we hold that a general allegation that respondent granted frivolous motions coupled with the specific alegation that he granted a particular motion only charges that respondent was guilty of contempt in granting the specified motion. Likewise, a general allegation that respondent violated every holding of this court is restricted by the specific reference to two decisions of this court. The order of the court in sustaining the motion to quash was to the effect that the court found that defendant had received the sum of $839.04 under a garnishment; that the amount due to the plaintiff under the original judgment up to April 27, 1928, had been paid in full; that the judgment modifying the decree ordered that payment cease on April 27, 1926, and that the execution which had been issued by the clerk be quashed.

If there is anything in this order that is disobedient to the mandate of this court in Lane v. Lane, or to the writ issued in State ex rel. Lane v. Montgomery, then respondent should be punished for contempt; otherwise not.

The mandate of this court in *Lane v. Lane,* 292 S. W. 1056, reversed and remanded the cause because the court had rendered judgment on a motion to modify a divorce decree without hearing evidence. The effect of that mandate was to set aside the judgment by which the original decree was modified, but the motion to modify was still pending. There was nothing in that mandate nor in the opinion of the court which would prevent the respondent, as circuit judge, from quashing an execution.

The writ of this court in the case of *State ex rel. Lane v. Montgomery,* 295 S. W. 824, prohibits the respondent as circuit judge from enforcing an order to the circuit clerk that no execution issue upon the judgment in the case of Lane v. Lane. In that case the

circuit judge ordered the circuit clerk not to issue an execution upon a judgment without granting defendant a hearing upon the question as to whether the judgment was unsatisfied. We think that the effect of the writ in the case of *State ex rel. Lane v. Montgomery,* was merely to hold that the circuit clerk should issue an execution upon the judgment in the case of *Lane v. Lane,* and leave the question as to whether or not that judgment had in fact been paid to be determined by the court upon a motion to quash the execution. The judge had no right to determine that matter by a mere order to the clerk without a hearing.

Section 1675, Revised Statutes 1919, provides that if any person against whose property any execution or order of sale shall be issued apply to any judge of the court out of which the same may have been issued, setting forth good cause why the same ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously given to the opposite party, the judge shall hear the complaint. Under authority of this statute it is the duty of the judge to quash the execution if, from the evidence, it appears that the judgment has been fully paid. [Wyatt v. Fromme, 70 Mo. App. 613.]

When the execution was issued the judgment debtor, by virtue of the statute, had a right to file a motion to quash the execution and to introduce evidence to the effect that the judgment was paid. If the court found that the judgment was paid it was its right and duty to quash the execution, but he has no jurisdiction to pass upon the matter until the motion is filed and the notice is given to the judgment creditor.

It appears that the court, in determining how much was due upon the judgment, took into consideration his judgment of October 19, 1927, wherein he modified the divorce decree thereby terminating the monthly installments of alimony from April 27, 1926, the date when the first motion to modify the decree was filed by the husband. We cannot determine in this proceeding whether or not the trial court committed error in terminating the monthly installments of alimony from the time that the original motion to modify was filed for two reasons. First, if it was error it was not contempt. His jurisdiction to pass upon the question of the modification of the decree had been invoked by a proper motion. After the introduction of evidence and a full hearing he modified the decree. If defendant in that case conceived herself aggrieved by the judgment of the court she had a right to appeal, and according to the allegations in the petition in this case, she did appeal. Second, the application for a citation for contempt does not charge that respondent committed a contempt by entering the order of October 19, 1927. He is only charged with committing a contempt by quashing the execution in 1928.

We therefore hold that the respondent, according to the pleadings upon which judgment is prayed, has not disregarded or violated the mandate or writ of this court, and respondent is therefore discharged. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of this court. All concur, except *Trimble, P. J.,* absent.