RAYMOND WOODS, RESPONDENT, v. HALCY L. WOODS, APPELLANT.—
159 S. W. (2d) 320.

Kansas City Court of Appeals. February 16, 1942.

*Harry H. Terte* and *Jules E. Kohn* for respondent.

*Burrus & Burrus* and *Johnson & Garnett* for appellant.

BOYER, C.—This is an appeal from an order of the Independence division of the Circuit Court of Jackson County sustaining a motion to quash an execution. The background of the case is revealed by the admitted facts as follows:

The respondent (plaintiff below) filed suit for divorce from his wife in the Independence division of the Circuit Court of Jackson County. On September 12, 1933, the judge of that division allowed defendant wife the sum of $100 per month temporary alimony, together with other sums for attorneys' fees and suit money upon motion of the defendant for that purpose.

Thereafter, the court of his own motion, for good cause shown, transferred the cause to Division No. 5 of the Circuit Court of Jackson County at Kansas City, where it was duly docketed and heard upon its merits, and resulted in a finding in favor of the plaintiff and a judgment wherein it was "decreed by the Court that the bonds of

matrimony heretofore contracted between plaintiff and defendant be and the same are hereby dissolved and for naught held and plaintiff forever freed from the obligations thereof.''

Thereafter, defendant took proper steps for an appeal to this court and presented to the trial court her motion for temporary alimony, attorney fees and suit money, pending appeal. After hearing evidence upon said motion, defendant was awarded judgment against plaintiff in the sum of $400 to meet the cost of preparing her case for the appellate court, and an additional sum of $200 as attorneys' fees in the prosecution of the appeal. No allowance was made for alimony while the appeal was pending. There was no appeal from this order, but the appeal of the case on its merits reached this court where the judgment of the trial court was affirmed. [Woods v. Woods, 90 S. W. (2d) 1070.]

In conformity with the order of the Independence division allowing temporary alimony, plaintiff paid all sums due defendant up to the date of the decree rendered by Division No. 5 of the Circuit Court at Kansas City on October 29, 1934, but made no payments to defendant by way of temporary alimony while the case was pending on appeal.

The mandate of this court affirming the decree of divorce was filed in the Circuit Court February 26, 1936. Thereafter the defendant sought to enforce the payment of temporary alimony claimed to be due for the sixteen months' period while the case was pending on appeal, and caused an execution to be issued by the clerk of the Circuit Court at Independence (excluding signature of clerk), as follows:

''GENERAL EXECUTION.
''The State of Missouri to the Sheriff
of Jackson County, Missouri:

''Whereas, Halcy L. Woods on the 12th day of September, 1933, in our Circuit Court of Jackson County, at Independence, Missouri, has recovered judgment against Raymond Woods for the sum of $100 per month temporary alimony, $100 suit money and $350 attorneys' fees, alimony payable on the 1st and 15th of each month, together with interest thereon from date of judgment at the rate of — per cent per annum and cost of suit.

''These are therefore to command you that of the goods, chattels and real estate of the said Raymond Woods you cause to be paid the sum aforesaid, together with interest and costs, and that you have the same before the Judge of said court on the first day of the next June Term thereof, to satisfy the judgment, interest and costs aforesaid, and that you certify how you execute this writ.

''Witness John D. Burns, Clerk of said Circuit Court with the seal thereof hereunto affixed at office in Independence, Missouri, this 31st day of March, 1936.''

Shortly after the issuance of the above execution, plaintiff filed his motion to quash said execution and to satisfy the judgment for temporary alimony. The motion recited and made reference to all pleadings, motions, orders and judgments made and rendered in the case, and prayed that the court make an order of record quashing the execution and a decree that the judgment for temporary alimony had been paid, satisfied and discharged.

Upon the heading of said motion it was agreed that the several motions, orders and judgments referred to in said motion should be considered as having been duly offered in evidence in support of the motion. It was admitted by defendant that the plaintiff duly complied with the terms of the order for temporary alimony made and entered and by said court, up to and including the date of the judgment on the merits rendered in Division 5 at Kansas City; and it was admitted by plaintiff that he had made no payments to the defendant from and after the date of the divorce decree.

The court heard evidence and argument and took the matter under advisement for the presentation of briefs. Thereafter, on the 15th day of April, 1941, the court made its finding and order on said motion in which it is recited that the court found that plaintiff is entitled to the relief prayed for, and that the allowances for temporary alimony adjudged by the court terminated on the day of the rendition of the judgment upon the merits in the case, and that all allowances and temporary judgments of the court were on said day fully paid and satisfied. It was ordered and adjudged that the execution be quashed and that the judgment in favor of defendant for temporary alimony be and the same is satisfied in full. From the above order this appeal was duly perfected.

It is the contention of appellant that the order of the Independence division of the court allowing temporary alimony was a continuing judgment covering the period of appeal and that it was unaffected by any orders or the decree of the trial division; that the court hearing the motion to quash execution erred in holding that the judgment for temporary alimony terminated on the day of the entry of judgment for divorce and in quashing the execution. It is argued in effect that the judgment for temporary alimony was for the period "pending the suit for divorce" and that after the transfer of the case the judge of the trial division had no power or jurisdiction to alter or change the effect of said order made by the division that had initial jurisdiction; that the suit was pending and the marriage relation of the parties continued until the mandate of the appellate court was received, and that the date of the decree of the trial court did not fix the date for the termination of temporary alimony.

It is true that the marriage relationship continued by virtue of the appeal and, as appellant says she could not remarry or make other provision for the future so long as the divorce suit was still pending.

But this was due to her own choice of insisting upon prosecuting an appeal, without merit, and when the decree of divorce was affirmed by this court it was effective as of the date of the decree.

It appears that appellant has overlooked or misconceived the true character and purpose of an order granting temporary alimony. In consideration of the position and interest of a wife, temporary provision is made for her where the same would be just until such time as the merits of the case may be ascertained. In this case as in all other divorce cases, it is essential to determine which one, if either, of the parties is innocent and injured, and whether either has broken the marital contract in a manner to justify a dissolution of the bonds. The right of the wife to support is based upon contract and if it be found that she has broken that contract, as well determined in this case, her rights arising therefrom are forfeited.

The wife in this case had an undoubted right to appeal if she so elected, but she had no absolute right for alimony pending the appeal. Her application therefore must meet the approval of the trial judge in the exercise of a sound discretion, upon all the facts and circumstances made known at the time. The appellant made application for support and maintenance pending the appeal, together with an allowance for money to finance the appeal. The court was liberal in its allowance to finance the appeal, but made no allowance for alimony pending the appeal. It appears that appellant was of the opinion at that time, or had been advised, that the order for temporary alimony prior to the decree was not a continuing order and that it was necessary to make an additional application for support pending the appeal. The application was made, the order of the court heretofore recited was entered, and there was no appeal from this order which failed to grant any further allowance for support during the pendency of the case. The adjudication upon the issues raised by the application became final. Likewise, plaintiff did not appeal from the order of the Independence division granting temporary alimony and said order attained the status of a final judgment according to its true tenor and effect. That order was fully complied with and the obligations thereunder on the part of plaintiff were fully paid and discharged up to the date of the decree. This much is agreed to by the parties.

If the judgment for temporary alimony terminated on the date of the decree and the payments called for were made to that time, there was ample ground for the motion to quash the execution, and to support the finding that the judgment had been satisfied. An execution must be supported by a valid, unsatisfied order, decree or judgment. [Weniger v. Weniger, 32 S. W. (2d) 773, 774.]

It was the duty of the judge to quash the execution if from the evidence it appeared that the judgment had been fully paid. [Sec. 1387, R. S. Mo. 1939; State ex rel. v. Montgomery, 223 Mo. App.

492, 499, 17 S. W. (2d) 586.] Furthermore, even if the execution issued in this case be considered as based upon a valid, subsisting and unsatisfied judgment, nevertheless it is subject to the motion to quash for other reasons. Manifestly it is irregular in form in that it does not have endorsed thereon the amount of the debt, damages and cost which is claimed to have accrued after the date of the decree. Clearly it is not a sufficient execution upon which to recover the amount claimed to be due under the judgment for temporary alimony. On its face it calls for the collection of suit money and attorneys' fees, and also for the indefinite amount of $100 per month temporary alimony. The clerk did not endorse upon said execution the amount of the debt to be recovered in accordance with Section 1322, Revised Statutes Missouri, 1939. It is admitted that suit money and attorneys' fees have been paid. How could the sheriff know from this execution how much money was to be collected for alimony? The defects indicated would have been sufficient ground upon which to quash the execution because irregularly and improperly issued. [Weniger v. Weniger, 32 S. W. (2d) l. c. 774, and cases cited.] Plainly, the execution is not in conformity with any judgment for temporary alimony pending the appeal, and that is the only part of the asserted judgment which appellant claims to be due.

In addition to the foregoing, was the court in hearing the motion to quash the execution justified in its finding that the judgment for temporary alimony terminated on the date of the decree upon the merits of the case? This is the principal question that is presented in the appeal. The conclusion has been reached that the finding was justified and that the contention of appellant that the initial allowance for temporary alimony was an effective, continuing judgment after the decree of divorce in favor of the husband cannot be sustained. An allowance of alimony "pending the suit for divorce" as provided in Section 1519, Revised Statutes Missouri, 1939, is in its very nature temporary in character and is properly classified as interlocutory and terminable when the case is heard upon its merits. Such is the effect of the ruling of the St. Louis Court of Appeals in the case of Creasey v. Creasey, 175 Mo. App. 237, 242, and the ruling of this court in the case of Coons v. Coons, 236 S. W. 364, wherein it is said that "the final decree of divorce in favor of the husband vacated the former order for payment of temporary alimony, expense money, and attorney's fees in the absence of an agreement by the parties that it be continued." And again in the case of Bender v. Bender, 190 Mo. App. 572, l. c. 576, it was held upon authority of the Creasey case that temporary allowances to the wife "necessarily come to an end, so far as this order is concerned, upon the determination of the divorce suit on its merits below." Research discloses that the foregoing cases, upon the point in question, never have been judicially criticized or overruled. They are based upon reason and

authority and are applicable to the question under consideration. Appellant seeks to distinguish the Creasey and Coons cases on the ground that the temporary allowance made in those cases was made by the trial court, whereas in the instant case the temporary allowance was made by a different judge in a separate division of the Circuit Court of Jackson County. The difference indicated does not in any manner affect the nature, character and purpose of a temporary allowance pending trial. The argument of appellant that the trial court had no power or jurisdiction to change, modify or terminate the order of the Independence division for temporary alimony is not pertinent owing to the intermediate character of such order which was self-terminating upon the case being heard on its merits. The temporary allowance made in this case by the Independence division could have no effect after the date of the decree. It was merely an *interim* provision. No alimony pending the appeal would be due defendant unless based upon an agreement or upon an order of the trial court made at the time of granting the appeal. It has been ruled many times that the trial court is the only court that can allow alimony pending appeal. [Nicholson v. Nicholson, 214 Mo. App. 570, 572, and cases cited.]

Cases cited by appellant have been examined. They are not controlling and afford no reason for a departure from the doctrine announced in the cases referred to above.

From the foregoing it results that the judgment of the court in quashing the execution in this case should be affirmed. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.