**Ann Marie RICHARDSON, Appellant,**

**v.**

**Hartley T. RICHARDSON, Respondent.**

No. 22308.

Kansas City Court of Appeals.
Missouri.

March 7, 1956.

Orr & Sapp, Edwin C. Orr, Columbia, for appellant.

Wm. H. Sapp, Sapp & Bear, Columbia, for respondent.

BROADDUS, Judge.

This is an appeal from the action of the trial court in sustaining a motion to compel appellant, Ann Marie Richardson, to satisfy two judgments for temporary alimony and attorney's fees.

On December 1, 1952, the respondent, Hartley T. Richardson, filed an action in the Circuit Court of Boone County asking to be divorced from his wife, Ann Marie Richardson. On December 4, 1952, Mrs. Richardson filed a motion in said suit for attorney's fees, suit money, and alimony *pendente lite*. The court sustained that motion and on December 29, 1952, made the following order: "It is therefore ordered and adjudged by the Court that in addition to the occupancy of the house, said defendant (Ann Marie Richardson) recover of and from the plaintiff the sum of $150 per month during the pendency of this suit, together with her attorney's fee in the sum of $300 * * *."

Thereafter, on March 28, 1953, Mrs. Richardson filed an answer and a cross-petition for separate maintenance. This case was tried on March 28th and succeed-ing days. Thereafter, on April 27, 1953, the court rendered its judgment in the case granting Mr. Richardson a divorce on his petition, and denying Mrs. Richardson a judgment on her cross-petition. On the same day the court allowed to Mrs. Richardson the additional sum of $700 for attorney fees.

On May 7, 1953, Mrs. Richardson filed a motion for new trial, and Mr. Richardson asked for a review of the trial court's power to increase the amount of "suit money" without hearing evidence showing "changed conditions." Both motions were overruled on June 15, 1953. Mrs. Richardson appealed on June 23, 1953, on the merits; and Mr. Richardson on June 24, 1953, on said orders.

On July 7, 1953, the trial court made an order at the instance of Mrs. Richardson requiring Mr. Richardson to pay temporary alimony to her in the monthly sum of $150 pending said appeal, and the sum of $250 as a transcript fee, and the sum of $150 for printing her brief, and $300 as an additional attorney fee. This made a total attorney fee of $1,300.

The three appeals reached this court and were given our numbers 22002, 22004 and 22039. On June 7, 1954, we handed down our opinion affirming the judgment of the trial court as to the decree of divorce (case No. 22039) and likewise affirmed the orders in cases Nos. 22002 and 22004. See Richardson v. Richardson, Mo.App., 270 S.W. 2d 68.

Mrs. Richardson timely filed in this court a motion for a rehearing in case No. 22039. This motion was overruled on July 7, 1954. On July 15, 1954, she filed a motion in said case asking this court to withhold its mandate until she had time to file an application in the Supreme Court for a writ of mandamus. This court withheld the mandate until August 15, 1954, but said application was never filed.

On September 15, 1954, Mr. Richardson tendered to Mrs. Richardson and her attorney, Mr. Orr, a draft for $3,370.77 in full payment of each item of the judg-

ment-orders above set out. The breakdown of the amount shown in the draft is as follows: Allowance of $700 for Mr. Orr made April 27, 1953, with interest thereon to September 16, 1954; allowance of $300 for Mr. Orr made July 7, 1953, with interest thereon to September 16, 1954; allowance for temporary alimony at the rate of $150 per month from July 7, 1953 to July 15, 1954, together with interest; allowance of $250 to pay appeal transcript with interest thereon, and allowance of $150 to pay for printing appellant's brief, together with interest thereon.

As stated in our former opinion, 270 S.W.2d loc. cit. 72: "Plaintiff [Mr. Richardson] paid to defendant [Mrs. Richardson] the $300 attorney fee, and also paid the temporary alimony awarded to her under the first order (that of December 29, 1952) for a period of approximately four months, or up until the day the decree of divorce was entered", April 27, 1953.)

The draft for $3,370.77 and a typewritten release, together with a transmittal letter, was left at Mr. Orr's office in his absence. A few days later, the draft was cashed by Mrs. Richardson and her attorney, Mr. Orr, but the release was returned unsigned, along with a letter attempting to justify the retention of the draft without signing the release.

Thereafter, on October 1, 1954, Mr. Richardson invoked the remedy provided by Section 511.620, V.A.M.S. by filing a motion for the release of said prior judgments. He gave due notice of his intention to apply for such an order on October 12, 1954.

On October 8, 1954 Mrs. Richardson filed a motion for additional attorney's fees and on October 12, 1954, Mr. Richardson filed a motion to dismiss the same.

On the appointed day (October 12, 1954) testimony was heard and many letters and all necessary orders were introduced in evidence. At the conclusion of the hearing the court took the case under advisement until November 18, 1954, at which time it found for Mr. Richardson and directed the clerk to release said judgment-orders. On the same day the court overruled the mo-

tion of Mrs. Richardson for additional attorney's fees.

As stated, Mrs. Richardson appealed, and her first contention is that "the original judgment for temporary alimony made on December 29, 1952 continued to be a valid and binding judgment as long as her cross-petition remained in litigation." That "it is the appellant's position that she is entitled to be paid temporary alimony according to the Court's order of December 29th, for that period of time beginning April 27th and ending July 7th, 1953."

■ On the other hand, the respondent asserts that: "The husband's duty to pay temporary alimony monthly to his wife as required by the order made December 29th, 1952, was vacated and terminated on April 27th, 1953, by the final decree of divorce for the husband on his petition and against the appellant on her cross-bill for separate maintenance."

Under the authorities, the position taken by respondent is correct. In the case of Woods v. Woods, 236 Mo.App. 855, 159 S.W.2d 320, loc. cit. 323, this court said:

"In addition to the foregoing, was the court in hearing the motion to quash the execution justified in its finding that the judgment for temporary alimony terminated on the date of the decree upon the merits of the case? This is the principal question that is presented in the appeal. The conclusion has been reached that the finding was justified and that the contention of appellant that the initial allowance for temporary alimony was an effective, continuing judgment after the decree of divorce in favor of the husband cannot be sustained. An allowance of alimony 'pending the suit for divorce' as provided in Sec. 1519, RSMo 1939 [V.A.M.S. § 452.070], is in its very nature temporary in character and is properly classified as interlocutory and terminable when the case is heard upon its merits. Such is the effect of the ruling of the St. Louis Court of Appeals in the case of Creasey v. Creasey, 175 Mo.App. 237, 242, 157 S.W. 862, and the ruling of this court in the case of Coons v. Coons, Mo.App., 236 S.W. 364, 365, wherein it is

said that 'the final decree of divorce in favor of the husband vacated the former order for payment of temporary alimony, expense money, and attorney's fees in the absence of an agreement by the parties that it be continued.' "

Appellant relies upon the cases of Smith v. Smith, Mo.App., 176 S.W.2d 647 and Hansen v. Hansen, 240 Mo.App. 245, 203 S.W.2d 86. In both of those cases motions for new trial were *sustained*. In the instant case the defendant's (now appellant's) motions for new trial on both the divorce case and defendant's cross-petition for separate maintenance were *overruled*. That the holdings in the Smith and Hansen cases are not in conflict with the rule laid down in the Woods, Creasey and Coons cases is shown by the following language appearing in the Smith opinion, 176 S.W.2d loc. cit. 649:

"It follows, therefore, that when plaintiff's motion for a new trial was *sustained*, the case was left pending undetermined, with plaintiff possessed of all her rights under the consent order for alimony pendente lite, and with defendant obligated to obey the order just as though there had been no previous trial. * * *

"In urging his opposition to this conclusion, defendant relies upon Woods v. Woods, 236 Mo.App. 855, 159 S.W.2d 320; Coons v. Coons, Mo.App., 236 S.W. 364; and Creasey v. Creasey, 175 Mo.App. 237, 157 S.W. 862.

"So far as their relevancy to this case is concerned, these cases merely announce the rule that in a proceeding of this character, the final determination of the principal suit vacates a previous order for the wife's temporary support and suit money, and relieves the husband of all liability for further payments under the order after the entry of the final decree.

"*Had the court in this case overruled plaintiff's motion for a new trial, the above authorities would be decisive of the question*, for then the judgment in the separate maintenance suit would have become final so as to have vacated the order for alimony pendente lite and suit money; but when

instead the court sustained the motion and set aside its judgment and decision, the situation was as though there had been no trial, and plaintiff was left with all her rights until such time as the case may be finally determined." (Emphasis supplied.)

Obviously, the respondent was relieved of the duty of complying with said order of December 29, 1952, on the day (April 27, 1953) the judgment was entered. It is likewise obvious that the entry of the judgment of this court on June 7, 1954, affirming the judgment of the trial court, vacated and terminated the husband's duty to longer pay alimony to his former wife as of the day of its entry.

At page 322 of 159 S.W.2d of the Woods opinion, supra, Judge Boyer called attention to the fact that it had been contended "*that the suit was pending and the marriage relation of the parties continued until the mandate of the appellate court was received, and that the date of the decree of the trial court did not fix the date for the termination of temporary alimony*. It is true that the marriage relationship continued by virtue of the appeal and, as appellant says, she could not remarry or make other provision for the future so long as the divorce suit was still pending. But this was due to her own choice of insisting upon prosecuting an appeal, without merit, *and when the decree of divorce was affirmed by this court it was effective as of the date of the decree*." (Emphasis supplied.)

Appellant next contends that the court's order forcing her to satisfy the judgments for temporary alimony and attorney's fees should be set aside, because the amount paid was not the amount due her under the court's previous orders. The fact is that when interest is correctly calculated on the allowances made to appellant she received more than she was actually entitled to.

Appellant's last contention is that she should have been "allowed fees and expenses for defending a proceeding of this kind." Her brief acknowledges a failure "to find any cases that authorize the allowance of fees and expenses to an attorney who responds to a motion to force the satisfaction of a judgment."

However, the trial court did not rule, as a matter of law, that she was not entitled to an allowance for these fees and expenses. As we have stated, respondent filed a motion to dismiss her motion for additional attorney's fees. In his motion respondent asserted (1) that the court had no jurisdiction of the parties or power to make an order on appellant's motion for the reason that the original divorce action had long since ended: (2) that no issues in said original action remained undetermined but had been fully decided by the trial court and this court: and (3) that respondent and appellant are no longer man and wife and for that reason no duty exists upon respondent to supply appellant with funds for use in prosecuting said motion. The court on October 13, 1954, *overruled* respondent's motion. Then on November 18, 1954, it overruled appellant's motion. Apparently the learned trial court took the view that the sums previously allowed appellant for attorney's fees, totalling $1,300, were ample. It was largely a matter of discretion with the trial court. And where it appears, as it does here, that there was no manifest abuse of such discretion we should not interfere.

The judgment is affirmed.

All concur.