**Kathleen J. JAVIER, Respondent,**

v.

**Nemesio JAVIER, Appellant.**

No. 71624.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1997.

Menees, Whitney & Burnet, James W. Whitney, Jr., Clayton, for appellant.

John W. Thompson, St. Louis, for respondent.

KAROHL, Judge.

Husband appeals denial of a Rule 74.06(b)(3) and (4) motion for relief from an amended judgment and to quash an execution issued to enforce an "Order of Amendment of Decree Nunc Pro Tunc" which added a money judgment for attorney's fees. The money judgment was added to a decree of dissolution after the decree was final. A writ of execution was issued to satisfy the award of Wife's attorney's fees chargeable to Husband. After seizure of Husband's motor vehicle, he filed a motion pursuant to Rule 74.06(b)(3–4) to quash the execution. The trial court denied his motion.

On May 17, 1993, Wife filed a petition for dissolution of marriage in St. Louis County. A commissioner heard the case. On November 2, 1994, he made findings and recommendations for a decree of dissolution. Both parties filed motions for rehearing. Wife's motion for rehearing did not mention the payment of attorney's fees. However, Husband's motion requested rehearing on the payment of attorney's fees. On January 13, 1995, the court denied the motions for rehearing and adopted and confirmed the findings and recommendations of the commissioner as the decree and judgment of the court.

On October 23, 1995, without notice or hearing, the commissioner entered an "Order of Amendment of Decree Nunc Pro Tunc." It ordered Husband to pay $2,943 as attorney's fees to the attorney for Wife, not to Wife.

This order was never adopted or confirmed by a judge. On October 16, 1996, one year after the commissioner entered the nunc pro tunc order, the court issued a writ of execution for a levy on all of Husband's vehicles, including a "Ford Mustang automobile located at debtor's employment." After seizure of his vehicle, Husband filed a motion pursuant to Rule 74.06(b)(3–4) to quash the execution. The motions were argued and denied on November 14, 1996.

The January 13, 1995 decree of dissolution did not include a judgment for Wife's attorney's fees. However, in a paragraph of the judgment which divided marital property, there is a recital that the court has taken "into consideration the award of Wife's attorney's fees and expenses as against Husband and given Husband credit therefor." Additionally, in the findings of fact and conclusions of law, the court stated: "12. Wife's attorney's fees (over and above those awarded P.D.L.) reasonably chargeable to Husband in consideration of the respective financial conditions of the parties and all other relevant factors are $2,493.00."

The issue is whether the trial court erred in denying Husband's motion to quash the execution because the "correction" made to the judgment by the nunc pro tunc order was not an appropriate circumstance for the application of a nunc pro tunc amendment. There are two questions: (1) Did the commissioner have authority to issue a nunc pro tunc order to revise the court's decree; and (2) assuming authority, was the order authorized by law. We find the trial court erred in failing to quash the execution.

A nunc pro tunc amendment allows a court to correct clerical errors in its judgment even after it has lost jurisdiction over the case. Rule 74.06(a); *Meek v. Pizza Inn*, 903 S.W.2d 541, 544 (Mo.App. W.D.1995). The purpose of a nunc pro tunc amendment is to correct clerical mistakes made in recording the judgment rendered. *Unterreiner v. Estate of Unterreiner*, 899 S.W.2d 596, 598 (Mo.App. E.D.1995). It is improper to use a nunc pro tunc order "to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have

done as distinguished from what it actually did, or to conform to what the court intended to do but did not do." *In re Marriage of Royall,* 569 S.W.2d 369, 371 (Mo.App.1978). Furthermore, to warrant the use of a nunc pro tunc order, the correction must be supported by a writing in the record which indicates the intended judgment is different from the one actually entered. *Meek,* 903 S.W.2d at 544–45.

 The nunc pro tunc order was signed and entered by a commissioner and never approved by a judge. We find no statute, rule, or other authority which would authorize a commissioner to amend or correct a judicial decree without judicial approval. Commissioners' powers are defined in chapter 487 of the Revised Missouri Statutes. Commissioners may hear cases and make findings and recommendations. The findings and recommendations of commissioners do not become decrees of the court until confirmed by an order of the judge. Section 487.030.2 RSMo 1994. They are not authorized to enter a judgment, and therefore, they may not amend or change a judgment.

■ Additionally, the written evidence in the dissolution proceeding will not support a finding of clerical error. In his findings, the commissioner observed that an award of $2,943 to Wife for attorney's fees could be reasonably charged to Husband. This is not a substitute for the judicial omission of attorney's fees in the decree. In the decree, the court considered the award of Wife's attorney's fees against Husband in arriving at its division of the marital property, but it did not make an award in any expressed amount. This is not a case of clerical error. It may be a case of judicial omission or inadvertence, but that would be true only if the court intended Wife's attorney's fees to be charged to Husband and awarded to Wife's attorney. The nunc pro tunc order awarded fees to Wife's attorney, not Wife. There was no writing in the dissolution proceeding to support an award in that form.

■ The original Decree of Dissolution of the trial court will not support an execution for attorney's fees. A money judgment must specify with certainty the amount for which it is rendered, or if the amount is not stated, it must be ascertainable from the record to be enforceable by execution. *Gardner v. Gardner,* 830 S.W.2d 559, 562 (Mo.App. W.D.1992). The decree of the court does not state a specific amount, nor does it explicitly order Husband to pay Wife's attorney's fees. Additionally, the execution must be supported by a valid, unsatisfied order, decree or judgment. *Woods v. Woods,* 236 Mo.App. 855, 159 S.W.2d 320, 323 (1942). The nunc pro tunc order was never a valid order because it was not signed by a judge and was unauthorized as a change which added a substantive provision where the decree did not contain a mere clerical error.

We reverse and remand with directions that the court grant relief from the amended judgment and quash the execution because the attempt to change the decree of dissolution was unauthorized.

AHRENS, P.J., and CRANDALL, J., concur.