**Randall E. MORRIS,
Plaintiff/Appellant,**

v.

**NATIONAL REFRACTORIES & MINERALS and Insurance Company of the State of Pennsylvania, Defendants/Respondents.**

No. ED 76634.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 16, 2000.

Motion for Rehearing and/or Transfer to *Supreme Court* Denied July 5, 2000.

Robert Hines, Columbia, for Appellant.

Stephen C. Christiansen, Cape Girardeau, for respondents.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Plaintiff, Randall E. Morris, appeals from the judgment of the trial court granting defendants', National Refractories and Minerals and Insurance Company of the State of Pennsylvania's, motion to quash garnishment and ordering satisfaction of judgment upon defendants' payment of $162.93. We affirm.

The record establishes that Randall E. Morris (hereinafter employee) brought the underlying workers' compensation action against defendants, National Refractories and Minerals (hereinafter individually referred to as employer) and Insurance Company of the State of Pennsylvania (hereinafter individually referred to as insurer), employer's insurer for workers' compensation liability. The Administrative Law Judge (hereinafter ALJ) found that employee suffered 25 percent permanent partial disability to the body as a whole referable to the low back and entered an award in favor of employee in the amounts of $29,523.81 for temporary total disability, $23,948.00 for permanent partial disability, and $46,590.33 for medical expenses. Defendants did not apply for review of the award. Defendants paid employee the amounts of $29,523.81 and $23,948.00 in accordance with the workers' compensation award, but did not tender the amount of $46,590.33 for employee's unpaid medical expenses.

The court certified the workers' compensation award as a judgment in favor of employee in the amount of $46,590.33, plus interest. Employee attempted to execute on that judgment by garnishment. Defendants moved to quash the garnishment and/or to compel filing satisfaction of judgment, alleging the judgment was satisfied because employer paid employee's medical bills pursuant to a company group medical plan. After a hearing, the trial court granted defendants' motion to quash the garnishment and ordered the judgment to be satisfied upon defendants' payment of

$162.93, the balance due on employee's medical bills. Employee appeals.

Our review is guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the decision of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. The appellate court accepts as true the evidence and inferences favorable to the judgment and disregards contrary evidence, mindful that credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness's testimony. *Baty v. Layton*, 7 S.W.3d 475, 479 (Mo.App. S.D.1999).

The threshold issue, contained in employee's second point, is whether defendants' motion to quash garnishment constituted an improper collateral attack on the judgment entered by the trial court as well as on the prior workers' compensation award.

■ Section 513.360, RSMo (1994) provides in pertinent part:

> If any person against whose property any execution or order of sale shall be issued, apply to any judge of the court out of which the same may have been issued, by petition, ... setting forth good cause why same ought to be stayed, set aside or quashed, ... such judge shall thereupon hear the complaint.

An execution must be supported by a valid, unsatisfied order, decree or judgment. *Woods v. Woods*, 236 Mo.App. 855, 159 S.W.2d 320, 323 (1942). It is the duty of the trial court to quash the execution if from the evidence it appears that the judgment has been fully satisfied. *Id.*

■ In the instant action, defendants' motion was premised on the payment of the medical expenses awarded to employee in his workers' compensation case and entered in the judgment. The issue of satisfaction of the judgment was an appropriate issue to be raised in a motion to quash garnishment.

In addition, contrary to employee's assertion, the trial court did not retry the workers' compensation case. The trial court did not revisit any of the issues decided in the workers' compensation action. The workers' compensation case did not address the issue of defendants' payment of the medical bills, but only addressed the issue of the expenses incurred by employee for medical treatment.

■ A motion to quash garnishment was the proper vehicle for defendants to raise the issue of the payment of employee's medical expenses because satisfaction of the judgment was at issue. Employee's second point is denied.

In his third point, employee contends the trial court erred in granting defendants' motion to quash garnishment for the reason that defendants were not entitled to any credit for payments made through employer's group health insurance plan. Defendants counter that they are entitled to a credit because employer directly paid employee's medical bills and the medical insurance companies merely acted as a conduit for the payments. In concluding that all but $162.93 of the medical expenses had been paid by employer, the trial court found that "payments made by [employer] from whatever source must be considered in determining compensation due under the Worker's Compensation award."

■ Section 287.270, RSMo (Cum. Supp.1999) provides in pertinent part:

> No savings or insurance of the injured employee, or any benefits derived from any other source than the employer or the employer's insurer for liability under this chapter, shall be considered in determining the compensation due hereunder....

Payments from an insurance company or from any source other than the employer

or the employer's insurer for liability for workers' compensation are not credited on workers' compensation benefits. *Shaffer v. St. John's Regional Health Center,* 943 S.W.2d 803, 807 (Mo.App. S.D.1997). The burden of proving payment is on the party asserting it. *Ellis v. Western Elec. Co.,* 664 S.W.2d 639, 643 (Mo.App.1984).

■ Here, employer's human resource manager described the health insurance coverage provided by employer as follows:

[Human resource manager]: ... The basic health insurance plan, once the employee receives treatment from a physician or a hospital, the bill is sent through Healthlink who is more [or] less a discount broker for us who puts the rates on the bill and then sends them to our third-party administrator which is State Line TPA, and State Line TPA actually cuts the checks for the services that were rendered based on the recommendations of Healthlink. [Employer] then funds State Line for the checks they have written for us and then the checks are sent out to the providers.

\* \* \*

[Employer's counsel]: And so all payments to medical providers of your employees for bills submitted are essentially paid by [employer]?"

[Human resource manager]: That's correct.

[Employer's counsel]: And was that also the case with [employee]?

[Human resource manager]: Yes, it was.

The trial court was free to believe this testimony and to determine that the employer was the direct source of the funds for the payment of employee's medical bills. In light of our standard of review, we will not disturb this finding on appeal. Thus, under section 287.270, defendants were entitled to a credit on workers' compensation benefits for all payments made by employer on employee's medical bills. The trial court did not err in granting such a credit. Employee's third point is denied.

■ Returning to his first point, employee contends the trial court erred in granting defendants' motion to quash garnishment because payments for employee's medical expenses were made prior to the entry of the judgment, and not after judgment was rendered. We have reviewed this point on appeal and find no error of law appears. An opinion on this point would have no precedential value. Employee's first point is denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

MARY K. HOFF, J. and JAMES A. PUDLOWSKI, Sr. J., concur.