**Billie Jean BURTON, now by Marriage, Toma, Appellant,**

v.

**Russell Junior BURTON, Respondent.**

**Nos. 25594, 25666.**

Kansas City Court of Appeals, Missouri.

Oct. 4, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 5, 1971.

W. W. Sleater, St. Louis, for appellant.

Fred Roth, St. Louis, for respondent.

HARRY HALL, Special Judge.

This is an appeal by plaintiff from adverse rulings of the trial court:

(a) denying plaintiff's motion for execution and garnishment against defendant to recover Seventeen Hundred Thirty-six Dollars and Sixty-six Cents ($1,736.-66) allegedly due for child support;

(b) sustaining defendant's motion to quash plaintiff's motion for execution and garnishment;

(c) denying plaintiff's motion for allowance of attorney fees for representing her in the foregoing proceedings and on appeal.

Plaintiff was granted a divorce from the defendant May 17, 1950, and awarded the care and custody of their minor child, Connie Sue Burton, born July 8, 1949, and allowed $40.00 per month child support.

Thereafter, on July 6, 1966, the parties were again before the court on motions to modify the decree and to quash executions which were disposed of by a stipulation of the parties. Under its terms the parties agreed that $2,700.00 was then due from defendant to plaintiff for accrued child support. Plaintiff further agreed to accept the sum of $2,000.00 in full settlement and payment of this past due account, provided defendant would pay $1,000.00 down and an additional $10.00 per month until the child became 21 years old or was married, after which time the entire $50.00 would apply on the unpaid balance. Defendant agreed to the stipulation and the court approved it of record.

Defendant paid the $1,000.00 initial payment, plus the $10.00 per month for the period August 1, 1966, to September, 1969, amounting to $1,380.00. In addition, he also paid $40.00 per month for child support until September, 1969.

The evidence shows that Connie Sue Burton left high school in 1967 and in June of that year began working as a bank clerk at $200.00 per month. In August, 1967, following her eighteenth birthday, she moved from her mother's home to an apartment where she lived about a year, paying her own expenses. She then moved back with the plaintiff, but continued working at various jobs, supporting herself, paying her own bills, buying her own clothes, and handling her own money. Sometimes she paid plaintiff for room and board. She testified that she had more responsibilities while living at home with plaintiff than when she lived in her apartment, because after work she would go home and cook supper "and stuff like that." In April, 1969, she again moved to an apartment and was married September 5, 1969. Plaintiff paid some hospital and doctor bills for Connie Sue and also $500.00 to $700.00 of her wedding expenses.

The trial court overruled plaintiff's motions and sustained defendant's motion to quash the execution and garnishment, finding that the daughter had been self-supporting and emancipated since July, 1967, and that the support payments made by defendant to plaintiff after July, 1967, in the sum of $1,120.00 should be credited to liquidate the balance due plaintiff for back child support under the stipulation. This amount plus the amounts previously paid, pursuant to the stipulation, on the $2,000.00 account for back child support totaled $2,500.00, or some $500.00 in excess of the amount stipulated under the settlement agreement.

· I. ·

Plaintiff's first contention is that the trial court's action was a retroactive modification of the child support judgment. The record shows that the original order, dated May 17, 1950, awarding plaintiff $40.00 per month child support was never changed. Defendant admittedly was in arrears on July 6, 1966, when the parties appeared in court and the amount then due was $2,700.00. The parties agreed to settle this account for $2,000.00 to be paid by defendant $1,000.00 in cash, plus $10.00 per month until the balance of $1,000.00 was paid. Their child was then seventeen years of age, and as the $10.00 monthly payments would not liquidate this balance before she became twenty-one years old, the parties agreed that when she became twenty-one years old or married, defendant would continue the $50.00 monthly payments until the full $2,000.00 was paid.

The settlement made by the parties in 1966 of the account remaining due under the child support award and the agreed reduction upon payment by defendant of $1,000.00, with provision for its ultimate liquidation, was a valid and binding agreement and its approval by the court did not constitute a modification by the court of the child support award.

Our courts have long held that past due child support constitutes a debt of the husband to the wife, and like any other debt may be settled and compromised by the parties. As stated in Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143, 146:

"For past support of minor children 'committed to the mother by the court, and which is in the nature of a debt to her from the husband, the wife and husband may make a compromise or contract which is binding on the wife in any action at law to recover for such past support. * * *'"

This settlement was made by the parties, not the court, although the court did approve it at the request of both parties. It has been fully complied with by the defendant and under no circumstances can it be construed as a modification of the child support decree.

## II.

Plaintiff further charges that the trial court erred in holding that the child was emancipated when she began working in 1967. The undisputed evidence shows that the child, Connie Sue Burton, was married September 5, 1969, when she was twenty years old. She testified in the trial court in great detail concerning her employment beginning in June, 1967, when she was eighteen years old, and clearly established that from that time on she was self-supporting, buying her own clothes, living in her own apartment for a year or more, paying her own expenses, and using her salary as she saw fit. Plaintiff, and perhaps the defendant, did give her money or personal items from time to time, as parents usually do, but the evidence fully supports the finding of the court that she had been emancipated from the time she moved to her own apartment in August, 1967. In Green v. Green, Mo.App., 234 S.W.2d 350, the court held that during the period of a minor's enlistment in the Navy, the father's liability for support payments was extinguished, saying (1. c. 352):

"But where the child becomes emancipated, either by the voluntary act of the parent responsible for its support, or constructively by the assumption of a status or position inconsistent with subjection to the parent's care and control, not only will the mother herself incur no necessary expense for the child's support, but even the father's primary duty to support the child will likewise be extinguished."

The evidence shows that plaintiff did not incur any necessary expense for the child after she became self-supporting, and the trial court properly held that defendant's duty to continue the support payments was extinguished.

Defendant continued to pay $50.00 monthly after the child became self-supporting, in accordance with the prior stipulation which provided that such payments would be continued and applied to reduce the balance due on the $2,000.00 settlement for past due child support. We find that the ruling of the court that the child was fully emancipated when she moved into her own apartment in 1967 is amply supported by the evidence.

## III and IV.

Plaintiff contends the court erred in refusing to allow her attorney's fees in defending against the defendant's motion to quash the execution and for prosecuting this appeal.

The allowance of attorney's fees, while not specifically mentioned in the statute (Sec. 452.070, R.S.Mo. V.C.M.S.), is

treated as akin to alimony and may be made in any proceeding incidental to a divorce action, such as motions to modify alimony or child support awards. Our courts have also held that proceedings to enforce the collection of such judgments by execution or garnishment are incidental to the original action and the trial court in its discretion may make allowances for such fees. As stated by the court in Weniger v. Weniger, Mo.App., 32 S.W.2d 775:

"If the plaintiff may have suit money to protect her judgment for alimony, it necessarily follows that she should have suit money to protect the process issued for its enforcement. The very essence of the judgment is the power of enforcement. Without such power the judgment would be worthless. The execution is the process by which the judgment of the court is enforced."

The ruling denying allowances for attorney's fees to plaintiff was exclusively within the jurisdiction and sound discretion of the trial court. The primary test for such allowances is whether the wife is possessed of sufficient means to prosecute the suit. If she is, then there is no reason for requiring the husband to meet those expenses.

The parties had been divorced some nineteen years prior to the hearing in the trial court; plaintiff had remarried and had been gainfully employed by the City of St. Louis some fifteen years. She received $368.00 per month, less retirement and hospitalization expenses. At the time of the hearing defendant was working part time for $30.00 a week and was receiving strike benefits of $40.00 per week while the Chevrolet plant where he worked was closed by a strike. His take-home pay when working regularly was $150.00 a week.

The trial court found that plaintiff had been fully paid for all child support and dismissed the garnishment proceedings instituted by her. The allowance of attorney's fees in domestic relations hearings is discretionary, not mandatory, and we find that the trial court's discretion was exercised judiciously in denying plaintiff's request for attorney's fees for representation of the plaintiff in the trial court. The matter of attorney's fees and suit money pendente lite on appeal is also within the sound discretion of the trial court, and we find no error in the court's ruling in this respect.

The record discloses that the rulings of the trial court were fully supported by the evidence and the law, and finding no error, the judgment is affirmed.

All concur.