Marsha L. CHRISTGEN, Appellant,

v.

Edwin B. CHRISTGEN, Respondent.

No. KCD 27060.

Missouri Court of Appeals,
Kansas City District.

Dec. 2, 1974.

Rehearing Denied Dec. 30, 1974.

Downs, Pierce & Turner, John E. Downs, St. Joseph, for appellant.

Strop, Watkins, Hoskins & King, Dan Hale, St. Joseph, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

The parties were divorced on December 17, 1970, the decree awarding the plaintiff wife child support in the sum of $55.00 per week. On October 17, 1973, she procured issuance of execution and garnishment for the amount of $2,925 child support allegedly accrued and unpaid. Defendant thereupon filed a motion to quash the execution and garnishment. From an order by the trial court sustaining that motion, plaintiff appeals.

At the hearing on the motion, defendant introduced evidence of payments made by him for the benefit of plaintiff in lieu of child support totaling $3,143, which was of course in excess of the arrearages alleged in the execution and garnishment. These payments had been made pursuant to arrangements entered into at plaintiff's request on three separate occasions. The first of these was on January 14, 1972, when plaintiff delivered a signed document to defendant in which she directed defendant to pay certain sums weekly to his employer, Walnut Products, Inc., in connection with a Pontiac automobile which was being delivered to her on that date. The next similar direction was on September 5, 1972, when plaintiff delivered another document to defendant requesting him to pay $100 per month as rent money to St. Joseph Woods. The third like occasion was on July 17, 1973, when plaintiff delivered a written direction to defendant to pay $15.00 per week to Walnut Products, Inc., in connection with a Ford Thunderbird which was being delivered to her on that date.

No question was raised at the hearing by plaintiff challenging any of these payments being just credits to be charged against her, except those totaling $270.00 which had been paid under the arrangement of July 17, 1973. The precise wording of that direction, being the fulcrum of the present controversy, was as follows:

"I have asked my former husband, Edwin B. Christgen, to pay to Walnut Products Inc. $15.00 per week and $40.00 per week in child support to me until Walnut Products has received $1,875.00 which is the purchase price of the company's 1968 Ford Thunderbird, serial number 8487N117432, that I am receiving today. This period will begin July, 1973 and last for 125 weeks."

Plaintiff contends that this instrument is illegal and void, and that the trial court erred in preventing her from proving the alleged invalidity. More specifically, she complains that the trial court improperly excluded the certificate of title to the Ford Thunderbird, which she offered for the purpose of showing that title to the Thunderbird had never been transferred to her.

The facts concerning the matter of title were as follows. It was a practice by Walnut Products, Inc., whenever it acquired a new automobile, to offer the used automobile to one of its employees instead of trading that automobile to the new car dealer. Defendant had arranged for plaintiff to get her previous Pontiac automobile in January, 1972, in that manner. However, in July, 1973, plaintiff had lost the Pontiac and was without transportation. The purpose of the July 17, 1973, document was to enable plaintiff to get the Ford Thunderbird which had previously been used by Glen Byous, one of the employees of Walnut Products, Inc.

The title to the Thunderbird, which was offered in evidence by plaintiff but refused

by the court, showed that the certificate of title had originally been issued to Walnut Products, Inc., and had been assigned by that company to Byous. The evidence was that this certificate of title in the form described was in the Thunderbird when delivered to plaintiff. With respect to the understanding between the parties concerning this transaction, defendant testified:

"She wanted this Thunderbird, so once again I talked them into selling me the Thunderbird at no interest and at book value, deducting it from her child support so she could have a car.

\* \* \* \* \* \*

"The company sold the car to me. I applied it to her and I am paying it to her.

"Q You in turn sold the car to her?

"A I suppose it is a question of semantics. The company sold the car to me and I am making the payments for her.

"Q You are letting her have possession of the car?

"A Yes, sir."

Plaintiff's basic argument on this appeal is that she was entitled to show the state of title to the car since the want of transfer to her would have shown a failure of consideration. In this connection, plaintiff relies on § 301.210 RSMo 1969, V.A.M.S., which provides that it shall be unlawful to sell a motor vehicle registered in Missouri unless at the time of delivery there is an assignment of title to the purchaser. That section and plaintiff's entire argument is irrelevant to the issue in this case.

The sole issue raised by defendant's motion to quash was whether he had made payment of the alleged arrearages. On this question, defendant had the burden of proof. Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143 (1947). By his evidence, he did meet that burden.

Section 301.210 is completely irrelevant. That section applies only to a contract of sale. The document of July 17, 1973, did not even purport to be a contract of sale, but instead was merely a direction to pay.

Still further, ample consideration flowed to plaintiff from the use of this car, whether or not she actually received title. The document dated July 17, 1973, can well be read as giving plaintiff nothing beyond bare user. The only reference in that document indicating a sale is the recital that the sum of $1,875.00 is the "purchase price" of the Thunderbird. It is to be noted, however, that defendant testified that he talked his employer "into selling *me* the Thunderbird" and he further testified that he was only "letting her have possession." Whether that is the proper construction to place upon the transaction need not be decided here. For present purposes it is enough that plaintiff concededly got possession and had the benefit of use for many months. That destroys any successful contention on her part that the transaction was without consideration.

If the transaction of July 17, 1973, did in fact include an agreement by defendant to accomplish a transfer of title for the Thunderbird to plaintiff, then plaintiff's recourse is a separate law suit to recover for the breach of that contract. It is not appropriate for plaintiff to interject that problem into a proceeding by way of execution under the divorce decree.

Plaintiff has raised a second assignment of error in which she complains that the trial court erred in failing to grant her an attorney fee in defending the motion to quash. However, at oral argument before this court, plaintiff's counsel conceded that this point is without merit if plaintiff fails to prevail on her first point. Since plaintiff's first point of error has already been denied, it becomes unnecessary to consider her second point in view of the concession mentioned.

Affirmed.

All concur.