401 So.2d 418 (1981)
Patsy Jean DeHAVEN
v.
Ronald Lee DeHAVEN.
No. 14117.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
Kenneth R. Williams, Baker, for plaintiff-appellee Patsy Jean DeHaven.
George L. Clauer, III, Baton Rouge, for defendant-appellant Ronald Lee DeHaven.
Before ELLIS, COLE and WATKINS, JJ.
*419 COLE, Judge.
This case involves an agreement entered into by the parties upon the dissolution of their marriage. The issues presented are whether or not the district court had subject matter jurisdiction over the dispute and if so, whether or not the court erred in ordering the husband to pay certain sums allegedly due under the agreement. Because we find the court did not have subject matter jurisdiction we need not address the second issue.
The record reflects plaintiff-appellee Patsy Jean DeHaven and defendant-appellant Ronald Lee DeHaven were divorced in Saline County, Missouri by order of a "Judgment Entry" signed May 24, 1976. The judgment granted Mrs. DeHaven custody of the three children and Mr. DeHaven visitation rights. Additionally, the judgment contained the following provision:
"3. The husband shall pay to the wife for the maintenance of each child the sum of $200.00 per month, or an aggregate of $600.00 per month, the payments having heretofore commenced, and on the first day of each month hereafter until a certain Deed of Trust covering Lot Number Twenty-one (21), in Bowling's Subdivision of Lot Number Seven (7), in Stephen's Addition, to the City of Columbia, Boone County, Missouri, titled in DeHaven Investment Company, having a current principal loan balance of $41,674.99, payable to First Federal Savings, Moberly, Missouri, is satisfied by being paid off in its entirety or the husband and wife mutually agree in writing to a satisfactory alternative such as husband executing a secured note payable to wife, together with husband providing credit life insurance in the then principal amount of the loan. When the husband has paid off the Deed of Trust or made other satisfactory arrangements for the payment of the said Deed of Trust, the child-support payments shall reduce to one dollar per month per child until such child marries, dies, or attains the age of majority. If one or more children should reach the age of majority prior to the First Federal Savings note being paid off and released, the $600.00 per month payment shall in all events continue to wife until husband has paid off the said note or made mutually satisfactory alternative arrangements to pay off the Note."
The judgment referred to an attached "agreement" which repeated the language of the judgment and further specified the rights of the parties in respect to various pieces of real estate.
Mr. DeHaven paid the monthly payment from June 1976 to May 1977 and then made no further payments. Meanwhile, Mrs. DeHaven sold the mortgaged property in July 1976 and used approximately two-thirds of the proceeds to pay off the balance of the note. She filed suit in the Nineteenth Judicial District Court of this state (Mr. DeHaven had relocated to Baker, Louisiana) alleging Mr. DeHaven owed her $29,545.00[1] in arrearages and $46,182.48 for the balance of the loan which she had paid off.
Mr. DeHaven failed to answer the suit so a preliminary default was entered and a confirmation hearing held. The court ordered the judgment of the Missouri court be made executory in this state and ordered appellant to pay $21,600.00 in arrearages and to continue to pay $600.00 per month to appellee, until the amount of $41,674.99 was paid in full.
Mr. DeHaven appealed and filed a declinatory exception urging the district court had no subject matter jurisdiction because the subject of the lawsuit was child support which is a matter under the exclusive jurisdiction of the Family Court. La. R.S. 13:1401(7).[2] We agree.
*420 Although the husband's agreement to pay the money was contingent upon the existence of a loan balance on the real estate, the agreement specifically labeled his obligation to pay for the "maintenance of each child." We concede the arrangement was a bit unorthodox but nonetheless find the obligation incurred was one of child support. The husband clearly obligated himself to pay a certain amount per month for the children and it is immaterial that the agreement was phrased as being contingent upon the outstanding loan balance.
Appellee argues that because the agreement was basically one involving property settlement only, the matter was properly before the district court rather than the family court. She argues the obligation incurred was not one of child support because the duty to pay was to virtually end when the loan balance was paid off by the husband, as opposed to continuing for as long as the children were minors and in need of support. We have examined the applicable Missouri statutes and have determined that in Missouri, as in this state, agreements and judgments involving child support are always subject to modification in accordance with the circumstances, regardless of any language to the contrary. Mo.R.S. § 452.325(6); Houston v. Snyder, 440 S.W.2d 156 (Mo.App. Springfield Ct. of App.1969). It has been specifically held in Missouri that an agreement as to the amount to be awarded as alimony or support and maintenance of the children is not a contract settling property rights and is always subject to further modification by the court. Cervantes v. Cervantes, 239 Mo. App. 932, 203 S.W.2d 143 (Springfield Ct. of App.1947).
Since the amount awarded in the judgment is subject to modification, regardless of the fact the parties agreed the obligation would virtually end when the husband paid off the disputed note balance, we have no difficulty in characterizing this matter as one of child support. As a child support matter it should have been brought in the family court. To avoid the hardship that would be caused if we merely dismissed the suit and forced plaintiff to refile, in the interest of justice we order this case remanded to the trial court and instruct the trial court to transfer it to the Family Court for the Parish of East Baton Rouge. We do so under the authority of La.Code of Civ.P. art. 932,[3] which allows such a transfer when a declinatory exception has been sustained. The objection to subject matter jurisdiction comes under the heading of declinatory exception, although unlike the other objections listed there, it can be raised at any time in the proceedings, even on appeal. Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626 (La.1974). It may even be noticed by the court on its own motion. Louisiana Power & Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir. 1969), writ refused 1969.
*421 For the foregoing reasons, the judgment of the trial court is vacated and the case is remanded to the trial court where it shall be transferred to the Family Court for the Parish of East Baton Rouge.
Assessment of costs is to await final disposition.
VACATED AND REMANDED.
NOTES
[1] Counsel for appellee stated at the hearing that the correct amount of arrearages was $21,600 and judgment was entered accordingly.
[2] La.R.S. 13:1401(7) reads as follows:

"There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings: ....
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board."
[3] La.Code Civ.P. art. 932 reads in part as follows:

"If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice."